UNITED STATES FEDERAL COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MCKENZIE SMITH, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, § § § § | |
| PLAINTIFF, § | Case No. 3:19-cv-2112 |
| § | |
| v. § | |
| § | |
| ROCKWALL SPORTS, INC. AND KIM HOOKS, INDIVIDUALLY, § § § | |
| DEFENDANTS | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff McKenzie Smith ("Named Plaintiff") on behalf of herself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred as "Plaintiffs") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I.  NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of her employees subject to the Act, unless the employee receives compensation for her employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207(a)).

2. Defendants have violated the FLSA by failing to pay Named Plaintiff and all others similarly situated in accordance with the guarantees and protections of the FLSA. Even though Named Plaintiff and the Class Members were hourly employees, Defendants have failed and refused to pay Named Plaintiff and the Class Members at time-and-one-half their regular rate of pay for all hours worked in excess of forty hours within a workweek, although Defendants had full knowledge that Named Plaintiff and the Class Members consistently worked over forty hours per week.

3. Because there are other putative Plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendants' compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Named Plaintiff McKenzie Smith is an individual who resides within this judicial district. Her notice of consent is attached hereto as Exhibit A. Smith was employed by Defendants within the meaning of the FLSA from July 1, 2014 through August 1, 2019.

5. Plaintiffs are Defendant's current and former employees who were paid an hourly rate and who were not paid overtime wages.

6. Rockwall Sports, Inc. ("Rockwall") is a domestic corporation that is currently authorized to do business in Texas, and that is doing business in Texas. Its principal office is located in Rockwall, Texas. Its registered agent for service of process is Kim Hooks, and she may be served at 3184 Anna Cade Circle, Rockwall, Texas 75087.

7. Kim Hooks is the President and owner of Rockwall. She may be served at 3184 Anna Cade Circle, Rockwall, Texas 75087.

8. At all times relevant to this claim, Kim Hooks acted directly or indirectly in the interest of Defendant Rockwall in relation to the employment of Named Plaintiff and the Class Members.

9. Kim Hooks was an employer of Named Plaintiff and the Class Members as defined by 29 U.S.C. §203(d).

10. At all times hereinafter mentioned, Kim Hooks has exercised managerial responsibilities and substantial control over Rockwall's employees, including Named Plaintiff and the Class Members, and the terms and conditions of their employment. Hooks has the authority to: hire, fire and direct Rockwall's employees, including Named Plaintiff and the Class Members; supervise and control the employment relationships and work schedules of Rockwall's employees, including Named Plaintiff and the Class Members; set and determine the rate and method of pay of Rockwall's employees, including Named Plaintiff and the Class Members; and decide whether Named Plaintiff and the Class Members receive overtime compensation.

### III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. This Court, therefore, has jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

12. Venue is proper in this district and division as all or a substantial part of the events forming the basis of this suit occurred in and around Rockwall County, Texas, which is in this District and Division. Named Plaintiff was an employee of Defendants, and performed work for Defendants in and around Rockwall County, Texas. Defendants are subject to this Court's personal

jurisdiction with respect to this civil action. Defendants thus reside in this district and division. 28 U.S.C. §1391(c). Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

13. At all relevant times, Defendants have, jointly or individually, acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

14. At all times hereinafter mentioned, Defendants have, jointly or individually, been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all times hereinafter mentioned, Defendants have been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants are an enterprise and have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

17. At all times hereinafter mentioned, Named Plaintiff and the Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendants at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g).

## V. FACTUAL ALLEGATIONS

18. Defendants operate a sporting goods store that sells athletic equipment.

19. Defendants employed Named Plaintiff and those similarly situated during the three-year period preceding the filing of this Original Complaint.

20. Defendants employed Named Plaintiff and the Class Members as hourly crew members/sales associates who assisted customers with their purchase of sporting goods equipment.

21. Named Plaintiff and the Class Members routinely worked long hours, consistently working more than forty hours per week, and often working 60 hours or more per week. Defendants were aware of the exact amount of hours Named Plaintiff and the Class Members worked, as Defendants tracked all employee time.

22. Defendants paid Named Plaintiff and those similarly situated an hourly rate for all work performed. Defendants failed to pay Named Plaintiff and those similarly overtime premiums for any hours worked over forty per week.

23. Named Plaintiff and those similarly situated were non-exempt employees.

24. At all times relevant hereto, all Defendants knew of, approved of, and benefited from the regular and overtime work of Named Plaintiff and those similarly situated.

25. Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

26. Defendants' actions were willful and in blatant disregard for the federally protected rights of Named Plaintiff and those similarly situated.

## VI. COLLECTIVE ACTION ALLEGATIONS

27. Named Plaintiff and the Class Members have performed—and are performing—the same or similar job duties as one another in that they assisted customers in the purchase of sporting goods.

Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid straight time for any hours worked over forty per week.

28. Defendants have a policy or practice of not paying their employees overtime premiums. This policy or practice is and has been, at all relevant times, applicable to the Named Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

> **All current and former employees of Defendants who were paid hourly and who were not paid overtime premiums.**

## VII. CAUSE OF ACTION

### FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

29. Named Plaintiff incorporates all allegations contained in the foregoing paragraphs as though fully set forth herein.

30. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, for workweeks longer than 40 hours without compensating them for their work in excess of forty hours per week at rates no less than one-and-one-half times her regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in accordance with applicable law.

31. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which their employees are paid are applicable to the Named Plaintiff or Class Members.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiffs pray for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

    b.    For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

    c.    For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

    d.    For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

    e.    For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

    f.    For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

**MORELAND VERRETT, P.C.**
The Commissioners House at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
Tel: (512) 782-0567
Fax: (512) 782-0605

By: */s/ Douglas B. Welmaker*
    Douglas B. Welmaker
    Texas State Bar No. 00788641
    doug@morelandlaw.com


**ATTORNEY FOR PLAINTIFF**